UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                          :
                                               :            Chapter 11
GRAMERCY GROUP, INC.,                          :
                                               :            Case No. 19-73622-las
                                Debtor.        :
--------------------------------------------------------x

## ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF GRAMERCY GROUP, INC. UNDER <u>CHAPTER 11 OF THE BANKRUPTCY CODE</u>

**WHEREAS**, Gramercy Group, Inc., the above-captioned debtor and debtor-in-possession ("Gramercy" or the "Debtor", and on and after the Effective Date "Reorganized Gramercy" or "Reorganized Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 17, 2019 in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or this "Court"); and

**WHEREAS**, as "Plan Proponent" within the meaning of section 1129 of title 11 of the United States Code (the "Bankruptcy Code"), Gramercy has filed the following: (i) the *Third Amended Disclosure Statement with Respect to Amended Chapter 11 Plan of Reorganization of Gramercy Group, Inc. Under Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>") [dkt. no. 316]; (ii) the *Second Amended Chapter 11 Plan of Reorganization of Gramercy Group, Inc. Under Chapter 11 of the Bankruptcy Code* dated January 7, 2020 [dkt. no. 378] (as may be amended, modified or supplemented, the "Plan"),[1] annexed hereto as <u>Exhibit "A"</u>; and (iii) the Plan Supplement [dkt. no. 383], Addendum to Plan Supplement [dkt. no. 387], and Second Addendum to Plan Supplement [dkt. no. 397] (collectively, the "Plan Supplement"); and

---

[1] Capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**WHEREAS**, following hearings held on November 5, 2019 and November 14, 2019, the Court entered an Order, dated November 19, 2019 (the "Disclosure Statement Order") [dkt. no. 328], that, among other things, (i) approved the Disclosure Statement [dkt. no. 328] as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code; (ii) established a record date for voting on the Plan; (iii) approved Solicitation Packages and procedures for the distribution thereof; (iv) approved the form of allot and established procedures for voting on the Plan; (v) approved the form of notice of hearing on confirmation of the Plan and established notice procedures for the Confirmation Hearing; (vi) scheduled the Confirmation Hearing for January 29, 2020 at 10:00 a.m. (Eastern Prevailing Time); (vii) set January 3, 2020 at 9:00 p.m. (Eastern Prevailing Time) as the deadline to vote to accept or reject the Plan (the "Voting Deadline"); and (viii) set January 3, 2020 at 9:00 p.m. (Eastern Prevailing Time) as the deadline to file objections to confirmation of the Plan (the "Objection Deadline") [dkt. no. 328]; and

**WHEREAS**, on December 3, 2019, the Debtor's Voting Agent, Epiq Corporate Restructuring, LLC, filed an affidavit of service with this Bankruptcy Court reflecting that the Solicitation Packages were served in accordance with the Disclosure Statement Order; and

**WHEREAS**, on January 8, 2020, on the Debtor's *ex parte* request, the Court entered an Order rescheduling the Confirmation Hearing from January 29, 2020 at 10:00 a.m. to January 16, 2020 at 1:30 p.m. [dkt. no. 381]; and

**WHEREAS**, the *Declaration of Joseph Arena on Behalf of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on the Amended Chapter 11 Plan of Reorganization of Gramercy Group, Inc. Under Chapter 11 of the Bankruptcy Code*, certified on January 10, 2020 (the "Ballot Certification") [dkt. no. 386], was filed attesting and certifying the method and results of the tabulation of votes to accept or reject the Plan; and

**WHEREAS**, on January 13, 2020, the Debtor filed: (i) the *Memorandum of Law in Support*

*of Confirmation of Second Amended Chapter 11 Plan of Reorganization of Gramercy Group, Inc. Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Brief") [dkt. no. 394]; (ii) the Declaration of Vincent Parziale on behalf of Gramercy Group, Inc. in Support of Confirmation of Plan ("Parziale Declaration") [dkt. no. 393]; and (iii) the Declaration of Ron Eagar in Support of Confirmation of Plan (the "Eagar Declaration") [dkt. no. 392]; and

**WHEREAS**, the Confirmation Hearing was conducted on January 16, 2020, and the Ballot Certification, the Parziale Declarations, and the Eagar Declaration were admitted into evidence on the record at the Confirmation Hearing, and after hearing the arguments of counsel and after presentation of any evidentiary testimony required; and upon the record of the Confirmation Hearing; and due deliberation having been had, and sufficient cause appearing therefor; and

**THIS COURT HAVING DETERMINED AND FOUND,[2] AFTER NOTICE AND A HEARING, THAT:**

A.      <u>Jurisdiction</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan, including jurisdiction over the matters set forth in

---

[2] The finding and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Article XI of the Plan.

  B. <u>Notice and Service of Papers</u>. All persons, entities, or governmental agencies entitled or required to receive notice have received due, proper, and adequate notice of the Disclosure Statement Approval Order and Confirmation Hearing.

  C. <u>Judicial Notice</u>. This Court takes judicial notice of the docket in this Chapter 11 Case and related adversary proceedings maintained by the Clerk of the Court~~, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of the Chapter 11 Case~~.

  D. <u>Plan Supplement</u>. The documents identified in the Plan Supplement were filed as required and were modified, amended and supplemented in accordance with the Plan. Notice of such documents was good and proper in accordance with the Bankruptcy Code and Bankruptcy Rules, and no other or further notice shall be required.

  E. <u>Voting</u>. Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in in good faith and in compliance with all applicable laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code.

  F. <u>Plan Compliance with 11 U.S.C. § 1129.</u> All of the applicable requirements for confirmation set forth section 1129(a) and (b) of the Bankruptcy Code have been satisfied with respect to the Plan.

G.     Plan Compliance with Bankruptcy Code - 11 U.S.C.§ 1129(a)(1). The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, and therefore satisfies section 1129(a)(1) of the Bankruptcy Code.

1.     Proper Classification – 11 U.S.C. § 1122, 1123(a)(1). Article II of the Plan provides for the separate classification of Claims and Equity Interests into ten (10) Classes, and the Claims or Equity Interests in each such Class are substantially similar to the other Claims or Equity Interests in each such Class. Valid business, factual and legal reasons exist for classifying separately the various Classes of Claims and Equity Interests under the Plan. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.     Identification of Unimpaired Classes – 11 U.S.C. § 1123(a)(2). Articles II, III and IV of the Plan state that unclassified Claims, Claims in Classes 1 (Article 3A Claims), 3 (Other Secured Claims), and 4 (Other Priority Claims) are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

3.     Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3). Article II the Plan states that Classes 2 (BOA Secured Claim), 5 (Everest Non-DIP Claims), 6 (Arch Claim), 7 (General Unsecured Claims), 8 (Insurance Claims), 9 (Intercompany Claims), and 10 (Equity Interests) are Impaired under the Plan, and Article IV of the Plan specifies the treatment for each such Class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

4.     Equal Treatment – 11 U.S.C. § 1123(a)(4). Article IV of the Plan specifies the treatment of Claims and Equity Interests in each Class and provides for the same treatment by Gramercy for each Claim or Equity Interest contained within each particular Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5. <u>Implementation of the Plan – 11 U.S.C. § 1123(a)(5)</u>. The Plan and the Plan Supplement provide adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, Article VI of the Plan provides for the reorganization of Gramercy pursuant to the terms of the Plan and the funding of Distributions required to be made under the Plan through one or more of: (a) the New Value Contribution of $4,750,000, consisting of $750,000 in Cash contributed by the Parziales and $4,000,000 in Cash from the refinance of the Wantagh Property, (b) the Term Loan and Working Capital Loan being provided to Gramercy by Signature Bank, and (c) if necessary, Cash on hand. The New Value Contribution represents a new and substantial Cash infusion which is necessary to fund Distributions required to be made under the Plan.

6. <u>Nonvoting Equity Securities – 11 U.S.C. § 1123(a)(6)</u>. Section 6.07 of the Plan contains a provision for modifying Gramercy's corporate documents to include, among other things, a provision prohibiting the issuance of nonvoting equity securities, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

7. <u>Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7)</u>. Section 4.10 of the Plan provides that all Equity Interests in Gramercy will be deemed canceled, released, and extinguished on the Effective Date, and sections 6.03 provides that, in accordance with the terms and conditions of its organizational documents, board resolutions, or other applicable agreements, Gramercy will issue and deliver outstanding shares in Gramercy as follows: fifty-three percent (53%) to Mrs. Parziale and forty-seven percent (47%) to Mr. Parziale. Section 6.06 provides that the officers of Reorganized Gramercy will be Mrs. Parziale, as Chief Executive Officer and President, and Mr. Parziale, as Chief Operating Officer and Secretary. This selection is consistent with the interests of creditors and equity security holders and public policy. The Plan, therefore, satisfies section 1123(a)(7) of the Bankruptcy Code.

8. <u>Impairment of Claims and Equity Interests – 11 U.S.C. § 1123(b)(1)</u>. Article II provides that Classes 1 (Article 3A Claims), 3 (Other Secured Claims), and 4 (Other Priority Claims) are Unimpaired, and that Classes 2 (BOA Secured Claim), 5 (Everest Non-DIP Claims), 6 (Arch Claim), 7 (General Unsecured Claims), 8 (Insured Claims), 9 (Intercompany Claims), and 10 (Equity Interests) are Impaired. Article IV of the Plan describes the treatment for all Impaired and Unimpaired Classes of Claims and Equity Interests under the Plan as contemplated by section 1123(b)(1) of the Bankruptcy Code.

9. <u>Executory Contracts and Unexpired Leases – 11 U.S.C. §1123(b)(2)</u>. Article VII of the Plan provides for the assumption of all pre-petition Executory Contracts and Unexpired Leases not previously assumed or rejected as authorized by section 1123(b)(2) of the Bankruptcy Code. Gramercy has exercised sound business judgment in determining that it should assume each of the Executory Contracts and Unexpired Leases to be assumed under the Plan. The assumption each of the Executory Contracts and Unexpired Leases under the Plan shall be legal, valid and binding upon Reorganized Gramercy and all non-debtor counterparties to such Executory Contracts and Unexpired Leases, as of the Effective Date, as if such assumption or rejection had been authorized and effectuated pursuant to a separate order of the Bankruptcy Court that was entered pursuant to section 365 of the Bankruptcy Code.

10. <u>Settlement of Claims and Causes of Action; Retention of Claims – 11 U.S.C. § 1123(b)(3)</u>. As permitted by section 1123(b)(3), (i) Section 8.11 of the Plan provides that, with certain exceptions, the Debtor may, in its sole and exclusive discretion and pursuant to applicable law, setoff or recoup against any Claim (for purposes of determining the Allowed amount of such Claim on which Distribution shall be made and before any Distribution is made on account of such Claim), any and all of the Claims, rights and Causes

of Action of any nature that the Debtor or the Estate may hold against the Holder of such Claim, and (ii) Section 6.09 provides for the preservation of Gramercy's right to pursue, prosecute and enforce any claims, demands, rights, and Causes of Action that the Debtor may hold against any Entity, except as otherwise specified in any in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan.

11. <u>Modification of Rights – 11 U.S.C. § 1123(b)(5)</u>. The Plan provides for the modification of the rights of the holders of Allowed Claims in Classes 2 (BOA Secured Claims), 5 (Everest Non-DIP Claims), 6 (Arch Claims), 7 (General Unsecured Claims), Class 8 (Insured Claims), Class 9 (Intercompany Claims), and the rights of the Holder of Equity Interests in Class 10 (Equity Interests), and leaves unaffected the rights of holders of Allowed Claims in Classes 1 (Article 3A Claims), 3 (Other Secured Claims), and 4 (Other Priority Claims) in accordance with section 1123(b)(5) of the Bankruptcy Code.

12. <u>Additional Plan Provisions/Releases – 11 U.S.C. § 1123(b)(6)</u>. The provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code. The Court has jurisdiction under section 1334(a) and (b) of title 28 of the United States Code to approve the release, third-party release, discharge, injunction, and exculpation provisions set forth in Article XII of the Plan, and such release, third-party release, discharge, injunction, and exculpation provisions are fair and equitable, given for fair consideration, and are in the best interests of Gramercy and the Estate in this Chapter 11 Case. Based on the record of this Chapter 11 Case, the representations of the parties, and the evidence proffered, adduced and/or presented at the Combined Hearing, the Bankruptcy Court finds that the releases, third-party releases, discharges, injunctions, and exculpations provided for in Article XII of the Plan are appropriate, in accordance with all applicable law in the Second Circuit including without

limitation *Deutsche Bank AG v. Metromedia Fiber Network, Inc.* (*In re Metromedia Fiber Net.*), 416 F.3d 136, 142 (2d Cir. 2005), and not inconsistent with the Bankruptcy Code.

13. <u>Cure of Defaults – 11 U.S.C. § 1123(d).</u> The treatment of cure amounts in connection with the assumption of Executory Contracts and Unexpired Leases in Article VII of the Plain complies with section 1123(d).

H. <u>Debtor's Compliance With Bankruptcy Code – 11 U.S.C. § 1129(a)(2)</u>. Gramercy, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

1. <u>Solicitation</u>. The solicitation of acceptances of the Plan was in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Order, thereby satisfying section 1125 of the Bankruptcy Code.

2. <u>Ballot Tabulation</u>. The procedures by which the Ballots were distributed and tabulated were fair, properly conducted, and complied with the Disclosure Order, thereby satisfying section 1126 of the Bankruptcy Code.

I. <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. Gramercy's good faith is evident from the facts set forth in the Disclosure Statement and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estate and to effectuate a successful reorganization of Gramercy's business.

J. <u>Payment for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)</u>. Any payment made or to be made by Gramercy for services or for costs and expenses incurred in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable,

thereby satisfying section 1129(a)(4) of the Plan.

K.     <u>Directors, Officers, Insiders – 11 U.S.C. § 1129(a)(5)</u>. Gramercy has complied with section 1129(a)(5) of the Bankruptcy Code through the disclosures of the identity of the directors and officers proposed to serve after confirmation of the Plan in Section 6.06 of the Plan. Having Mrs. Parziale serve as President and Chief Executive Officer and Mr. Parziale as Chief Operating Officer and Secretary is consistent with the interests of creditors, equity security holders and public policy.

L.     <u>No Rate Change Jurisdiction – 11 U.S.C. § 1129(a)(6)</u>. The Plan does not provide for any changes in any regulated rates and, therefore, section 1129(a)(6) of the Bankruptcy Code is not applicable to the Chapter 11 Case.

M.     <u>Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. With respect to each Class designated by the Plan, each holder of a Claim or Equity Interest in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if Gramercy was liquidated under chapter 7 of the Bankruptcy Code on such date.

N.     <u>Acceptance of the Plan – 11 U.S.C. § 1129(a)(8)</u>. Classes 1 (Article 3A Claims), 3 (Other Secured Claims) and 4 (Other Priority Claims) are Unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code. Classes 2 (BOA Secured Claim), 5 (Everest Non-DIP Claims), 6 (Arch Claim), 7 (General Unsecured Claims), and 8 (Insurance Claims) have unanimously voted to accept the Plan in accordance with the requirements of section 1126(c) of the Bankruptcy Code. Class 9 (Intercompany Claims), comprised solely of non-debtor affiliate 3000 Burns, is Impaired under the Plan and is deemed to have rejected the Plan. 3000 Burns has stated its support for the Plan, including its treatment in Class 9. *See* Parziale Decl. ¶ 10. Class 10 (Equity Interests) is Impaired under the Plan. As Class 10 is comprised

solely of Mr. Parziale, the principal and sole owner of the Debtor, the proponent of the Plan, votes from this class were not solicited. As set forth herein, and pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that Holders of Claims and Equity Interests in Classes 9 and 10 have not accepted the Plan.

O.    <u>Treatment of Administrative and Priority Claims – 11 U.S.C. §1129(a)(9)</u>. The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

P.    <u>Acceptance by Impaired Classes – 11 U.S.C. §1129(a)(10)</u>. Classes 2 (BOA Secured Claim), 5 (Everest Non-DIP Claims), 6 (Arch Claim), 7 (General Unsecured Claims), and 8 (Insurance Claims) are Impaired under the Plan and have voted to accept the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class, thus satisfying section 1129(a)(10) of the Bankruptcy Code.

Q.    <u>Feasibility – 11 U.S.C. § 1129(a)(11)</u>. The Disclosure Statement, Plan Supplement, Parziale Declarations, and Eagar Declaration and all evidence proffered or adduced at the Confirmation Hearing establish that confirmation of the Plan is not likely to be followed by the need for further financial reorganization of Gramercy, and the Bankruptcy Court finds that the Plan is feasible, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

R.    <u>Payment of Fees – 11 U.S.C. § 1129(a)(12)</u>. Section 3.01 of the Plan provides for the payment of all fees incurred pursuant to section 1930 of title 28 of the United States Code on or before the Effective Date and thereafter as may be required in compliance with section 1129(a)(12) of the Bankruptcy Code.

S.    <u>Retiree Benefits – 11 U.S.C. § 1129(a)(13)</u>. The assumption of certain collective bargaining agreements pursuant to Article VII of the Plan requires that Gramercy continue payment of any retiree benefits for the duration of the period that Gramercy is obligated under such

agreements, and section 1129(a)(13) of the Bankruptcy Code is therefore satisfied.

T. <u>Inapplicable Provisions – 11 U.S.C. § 1129(a)(14) – (a)(16)</u> Gramercy is not required to pay a domestic support obligation, is not an individual, and no transfers of property are being made by a non-profit entity under the Plan, and therefore sections 1129(a)(14) – (a)(16) of the Bankruptcy Code, respectively, are inapplicable.

U. <u>Fair and Equitable; No Unfair Discrimination – 11 U.S.C. § 1129(b)</u>. Based upon the evidence proffered or adduced at the Confirmation Hearing, the Disclosure Statement, the Plan Supplements, and all other evidence before the Court, the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 9 and 10, as required by sections 1129(b)(1) and (2) of the Bankruptcy Code. The New Value Contribution provided for in the Plan is (1) new, (2) substantial, (3) money or money's worth, (4) necessary for a successful reorganization and (5) reasonably equivalent to the property that old equity is retaining or receiving. Parties in interest were given a full and fair opportunity to compete for the equity in Reorganized Gramercy and the value of the equity in Reorganized Gramercy was determined in accordance with the market. Accordingly, § 1129(b) is satisfied, and upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes including those of Classes 9 and 10.

V. <u>Only One Plan – 11 U.S.C. § 1129(c)</u>. The Plan is the only plan filed in this Chapter 11 Case and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

W. <u>Principal Purpose of Plan – 11 U.S.C. § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

X. <u>Objections</u>. All Objections that have not been withdrawn are denied and overruled.

**IT IS THEREFORE ORDERED THAT**:

1. <u>Findings of Fact and Conclusions of Law</u>. The findings set forth hereinabove are

hereby incorporated and shall be deemed to be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2. <u>Notice of Confirmation Hearing</u>. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Approval Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

3. <u>Confirmation of Plan</u>. The Plan, annexed hereto as <u>Exhibit "A"</u>, including the Plan Supplement, is hereby approved and confirmed pursuant to section 1129 of the Bankruptcy Code. Gramercy is hereby authorized to take all steps necessary to effectuate consummation of the Plan and the payments and Distributions set forth therein, all in conformity with the terms of the Plan, as modified by this Confirmation Order.

4. <u>Disposition of Objections</u>. All Objections that have not been withdrawn are denied and overruled in their entirety.

5. <u>Agreements and Plan Supplement</u>. Entry of this Confirmation Order constitutes approval of (i) the financing agreement, substantially in the form represented in the executed Commitment Letters, to be entered into by and between Gramercy and Signature (the "Signature Financing"), and shall constitute authorization for Reorganized Gramercy to take any and all steps necessary to consummate the Signature Financing without the need for any further corporate action, (ii) the revised Bylaws and Shareholder Agreement for Reorganized (iii) any other documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, each of which shall be deemed adopted by Gramercy as of the Effective Date, and the execution, delivery and performance thereof by Gramercy is authorized.

6. <u>Incorporation of Plan/Confirmation Order and Plan Control</u>. The Plan is confirmed in its entirety and is hereby incorporated into this Confirmation Order by reference (subject to any provision incorporated by reference being governed by an express and contradictory provision herein). The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order. To the extent this Confirmation Order and/or the Plan is inconsistent with the Disclosure Statement, or any other agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan, the Plan controls the Disclosure Statement and any such agreement, instrument or document, and the Confirmation Order (and any later order of the Bankruptcy Court) controls the Plan.

7. <u>Assumption of Executory Contracts and Unexpired Leases</u>. As of the Effective Date, each Executory Contract and Unexpired Lease listed on the Assumption and Cure Schedule (as it may be amended, revised, or supplemented) shall be deemed assumed by Reorganized Gramercy pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

8. <u>Reaffirmation of Surety Bonds and Indemnity Agreements</u>. As of the Effective Date, to the extent not previously reaffirmed in connection with the Surety Motion, the Everest Surety Bonds and Everest Indemnity Agreements, and the Arch Surety Bonds and Arch Indemnity Agreements, shall be deemed reaffirmed by Reorganized Gramercy in accordance with Section. 7.01(d) of the Plan.

9. <u>Settlement of Claims</u>. The entry of this Confirmation Order shall constitute the Bankruptcy Court's finding and determination that the provisions of the Plan constitute a good faith compromise and settlement of all Claims or controversies relating to the rights that a Holder of Claim or Equity Interest may have with respect to such Claim or Equity Interest, and that such settlements

reflected in the Plan are (i) in the best interests of the Debtor and the Estate; (ii) fair, equitable and reasonable; (iii) made in good faith; and (iv) approved by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

10. **Professional Fee Claims. All final requests for payment of Professional Fee Claims must be made by application filed with the Bankruptcy Court and served on the notice parties listed in Interim Compensation Order, on or before the Professional Fee Claims Bar Date, the date that is thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Any Person that fails to file such application with the Bankruptcy Court on or before the Professional Fee Claims Bar Date shall be forever barred from asserting such Professional Fee Claim against Gramercy, Reorganized Gramercy, the Estate, or its property, and the Holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Professional Fee Claim. To the extent necessary to give effect to this Section 3.02, entry of the Confirmation Order will amend and supersede any previously entered order of the Bankruptcy Court regarding procedures for the payment of Professional Fee Claims.**

11. **Administrative Claim Bar Date. All requests for payment of Administrative Claims must be filed with the Bankruptcy Court, with copies to Reorganized Gramercy's counsel, on or before the Administrative Claims Bar Date, the date that is thirty (30) days after the Confirmation Date. Such request for payment of an Administrative Claim shall include, at a minimum, (i) the name, address, telephone number and email address of the Holder of such Claim; (ii) the amount of such Claim; (iii) the basis for such Claim; and (iv) any supporting documentation to the extent such documentation would be required by Bankruptcy Rule 3001. Any Person that fails to file such request with the Bankruptcy Court on or before the Administrative Claims Bar Date shall be forever barred from asserting such Administrative**

**Claim against Gramercy, Reorganized Gramercy, the Estate, or its property, and the Holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim. Notwithstanding the foregoing, no application seeking payment of an Administrative Claim need be filed with respect to a post-Petition Date liability paid or payable by Gramercy in the ordinary course of business including, without limitation, any Union Ordinary Course CBA Claim.**

14. Approval of Releases, Discharge, Injunction, and Exculpation. The Releases, Discharge, Injunction and Exculpation provisions found in Article XII of the Plan are hereby approved. Gramercy shall receive upon the occurrence of the Effective Date a discharge to the full extent of and pursuant to section 1141(d) of the Bankruptcy Code.

13. Injunction Against Interference With Plan. Upon entry of this Confirmation Order, all Holders of Claims and Equity Interests, and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

14. Term of Injunctions or Stays. Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order), shall remain in full force and effect until the Effective Date.

15. City of New York - Reservation of Rights. Notwithstanding anything to the contrary herein, the Plan, the Plan Supplement or the Amended Assumption and Cure Schedule [dkt. no. 396], the Debtor, the Reorganized Debtor and the City of New York and its Agencies (collectively, the "City") each reserve all rights to assert claims, causes of action, defenses and/or arguments, including, but not limited to, liquidated damage claims, that would otherwise be available to them in

the pending litigation styled, *Gramercy Group, Inc. v. City of New York*, Adv. Pro. No. 19-08159-las, or in relation to any City contract appearing on the Amended Assumption and Cure Schedule, subject to a determination by this Court or another court of competent jurisdiction on the effect of this Order, the Plan, the Plan Supplement, or the Amended Assumption and Cure Schedule on such reserved rights. For the avoidance of doubt, nothing contained in this Order, the Plan, the Plan Supplement or the Amended Assumption and Cure Schedule shall prevent the City, the Debtor or the Reorganized Debtor from asserting claims, causes of action, or defenses that accrued subsequent to the Petition Date or that have not yet accrued.

16. <u>Town of North Hempstead - Reservation of Rights</u>. Notwithstanding anything to the contrary herein, the Plan, or the Plan Supplement, the Town of North Hempstead (the "Town") reserves all rights to assert the defenses of setoff and recoupment in the adversary proceeding styled *Gramercy Group, Inc., v. Town of North Hempstead*, Adv. Pro. No. 19-08078-las, subject to (i) a determination by this Court or another Court of competent jurisdiction on the effect of this Order, the Plan, or the Plan Supplement on such reserved defenses, and (ii) the rights of the Debtor or Reorganized Debtor to challenge such defenses. For the avoidance of doubt, arguments raised in pleadings and at the Confirmation Hearing by both parties are preserved.

17. <u>Successors and Assigns</u>. The rights, benefits, and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person or Entity, including, but not limited to, Reorganized Gramercy and all other parties-in-interest in the Chapter 11 Case.

18. <u>Revesting of Estate Assets</u>. Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated therein, on the Effective Date or as soon as practicable thereafter, all property of the estate of Gramercy and all Causes of Action of Gramercy

shall be revested in Reorganized Gramercy free and clear of all Liens, Claims, security interests, recording taxes, encumbrances, and other interests, choate or inchoate, resulting from all Claims and Equity Interests.

19. <u>Effectuating Documents and Further Transactions</u>. Upon entry of this Confirmation Order, the appropriate officers and directors of Reorganized Gramercy and its counsel shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

20. <u>Payment of Statutory Fees</u>. All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Combined Hearing, shall be paid on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by Reorganized Gramercy. The obligation of Reorganized Gramercy to pay quarterly fees to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Case is closed.

21. <u>Retention of Jurisdiction</u>. This Court hereby retains jurisdiction for the purposes set forth in Article XI of the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, and for any purpose for which this Court previously retained jurisdiction by any prior order of this Court.

22. <u>Notice of Confirmation Order and Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), within five (5) business days of entry of this Confirmation Order, Gramercy shall serve a true and correct copy of the Order on all creditors and parties in interest in this Case,

including the United States Trustee.



**Dated: January 16, 2020**　　　　　　　　　　　　　　　　**Louis A. Scarcella**
　　**Central Islip, New York**　　　　　　　　　　　**United States Bankruptcy Judge**